```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

POULOS, INC.,                       )
                                    )
                Plaintiff,          )
                                    )
     v.                             )    No.  08 C 3396
                                    )
HARTFORD FIRE INSURANCE COMPANY,    )
                                    )
                Defendant.          )
```

MEMORANDUM OPINION AND ORDER

Hartford Fire Insurance Company ("Hartford") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Poulos, Inc. ("Poulos"). This memorandum order is triggered by Hartford's pervasive violations of federal pleading principles--violations made more surprising by the fact that Hartford's defense counsel are members of a law firm with vast federal litigation experience. For the reasons set out here, the Answer and ADs are stricken in their entirety, but with leave being granted to file a proper self-contained amended response on or before August 18, 2008.

But before this opinion turns to those pleading errors, the threshold issue of the existence or nonexistence of a justiciable case or controversy, cognizable under Article III of the Constitution, should be addressed. Answer ¶¶32, 38 and 39[1] deny

---

[1] In an inadvertent typographical slip, Hartford's counsel mistakenly attached a paragraph number (19) to the response to Complaint ¶18 (also compounding the confusion by referring to "paragraph 17" rather than "paragraph 18" in that response). As a result the Answer's paragraph numbering, in the course of

that any difference between the parties "is ripe for review." That contention poses a question as to subject matter jurisdiction, which must of course be addressed at the outset. Accordingly Hartford's counsel is ordered to bring that matter on by an appropriate (and appropriately supported) motion on or before August 18, 2008.

To turn to counsel's pleading errors, the first of those relates to their noncompliance with the express requirements set up by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to obtain the benefit of a deemed denial of a plaintiff's allegations--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001), which refers in part to the necessity of including the more demanding disclaimer of a "belief."  In those terms Answer ¶¶1, 8-11 and 24 must be redrafted.

Next are a host of responses that are totally at odds with the principle that defendants (like plaintiffs) must conform to the notice pleading concept that underpins federal pleading.  It simply will not do for a defendant to assert an undifferentiated and wholly uninformative denial, such as Hartford's counsel have

---

repeating the Complaint's allegations to conform to this District Court's LR 10.1 requirement, is out of whack beginning with number 20, which should be 19 instead.  To minimize confusion, this opinion will follow the Complaint's actual numbering rather than the Answer's mistaken numbering, so that for example the paragraphs just referred to in the text will be found at numbers 33, 39 and 40 in the present Answer.

done in the last sentence of Answer ¶3 and in Answer ¶¶8-16, 24, 27 and 33.

Relatedly defense counsel have also indulged the impermissible practice of asserting that some document "speaks for itself," without actually responding to the Complaint's allegations about the document--see App. ¶3 to State Farm. Hence Answer ¶¶12-16 and 33 must also be reworked.

Next, Answer ¶¶6 and 7 are really nonresponsive to the corresponding venue allegations in the Complaint. Hartford should either simply admit that venue lies in this district or, if it challenges venue, identify the reason for such challenge.

Finally, although this Court sees some problems with the manner in which the ADs are set out, it will leave that subject to Poulos' counsel to raise if any challenge is called for. Hence nothing said here should be viewed as ruling on the viability or nonviability of any AD.[2]

In summary, all of the current responsive pleading is stricken, with leave granted to file its replacement on or before August 18, 2008. No charge is to be made to Hartford by its counsel for the added work and expense incurred in correcting counsel's errors. Hartford's counsel are ordered to apprise

---

[2] That said, one minor nit bears mention in light of the need for Hartford's counsel to return to the drawing board. It is of course bizarre to include a subheading "Facts Applicable to All Counts" in response to a single-count Complaint.

their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  July 31, 2008